UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOAN B. MUNIER | CIVIL ACTION |
| VERSUS | NO. 13-4995 |
| STATE FARM INDEMNITY COMPANY, *ET AL* | SECTION "C" (3) |

### ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4. Before the Court are memorandum by the parties on this issue. Rec. Docs. 11, 12, 15, 17. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be

1

made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

In this matter, the plaintiff alleged that she was injured in an automobile accident that occurred on July 9, 2012 on South Jefferson Davis Parkway in New Orleans, Louisiana. Rec. Doc. 1-1 at 1. The Court asked the parties to provide affirmative proof of the amount of loss. Rec. Doc. 4. None has been provided. As previously stated, a demand letter does not constitute affirmative proof of loss. Defendant has not demonstrated affirmative proof that the amount in controversy exceeds $75,000, and therefore the jurisdictional minimum is not met.

Because the Court finds that the amount in controversy requirement has not been met, it declines to reach the issues plaintiff has raised regarding complete diversity of citizenship and all defendants concurring in the removal. Rec. Doc. 12.

The court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 31st day of July, 2013.

                                              **HELEN G. BERRIGAN**
                                              **UNITED STATES DISTRICT JUDGE**